OVERTON, Justice,
concurring in part and dissenting in part.
I concur with the majority opinion except that part which allows a guardian or surrogate to assert an incompetent’s right to forego treatment based on a prior oral statement by the incompetent. In these circumstances, I find that judicial involvement is appropriate to assure the validity of the oral statement and to assure that the medical certificates required under John F. *18 Kennedy Memorial Hospital, Inc. v. Bludworth, 452 So.2d 921 (Fla.1984), were obtained. I recognize that this view is contrary to some of the principles set forth in Bludworth.
Judicial approval is required whenever a guardian sells the property of a ward. I find that, where there is no written “living will” or other written declaration, judicial involvement is necessary to protect the interests of a ward when termination of the ward’s life is in issue. I recognize that a judicial proceeding should not unduly delay the process. In order to make judicial involvement work properly, we need to develop an accessible and expeditious proceeding to resolve the factual issues in these matters.
I am concerned that, if there is no judicial involvement, these decisions could be made by surrogates who would benefit financially from an early termination of the ward’s life. Given the factors involved, I find a substantial state interest in the protection of the ward and also a need to assure the public that a proper decision is being made where the intent of the ward is unknown or is based only on the ward’s prior oral statement. In this type of situation, I would be much more comfortable with an impartial judge having the opportunity to determine the validity of the oral statement and the medical certificates, particularly where those making the decision have a financial interest.